IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

KRISTINA MUELLER, *et al.*

Plaintiffs,

v.

CHESAPEAKE BAY SEAFOOD HOUSE ASSOCIATES, L.L.C.

Defendant.

Civil Action No: 1:17-cv-01638-ELH

## AFFIDAVIT

1. I, Jennifer Temple, am over eighteen (18) years of age and am competent to testify to the facts contained herein.

2. If called as a witness, I could testify to these facts based upon my personal knowledge.

3. I currently reside at 4202 Kensington Road, Baltimore, Maryland 21229.

4. From approximately July 18th, 2011 until present, I worked for Chesapeake Bay Seafood House, LLC (a.k.a. Chili's Grill & Bar). My title was that of server.

5. On August 26, 2017, during our regularly scheduled monthly meeting, I was presented with the document titled "Mutual Dispute Resolution Agreement (hereinafter "Agreement".) See Exhibit 1. Numerous other employees were also presented with the agreement. Many of these employees were servers. Then bartenders present as well.

6. The meeting was held at the West Nursery Chili's location, 1715 West Nursery Road, Linthicum, Maryland. The meeting was directed by Area Director, Marty Cohen and General Manager, Ken Boyd. To my knowledge, there were no attorneys present.



PLAINTIFF'S EXHIBIT

7. The Agreement above was distributed at the very end of the meeting. There were no substantive discussions regarding its content.

8. However, the other employees and were instructed to read and sign the Agreement.

9. I am not certain how the Agreement impacts my ability to participate in the current lawsuit. I am also not sure how it will impact my current employment. It is also unclear how the Agreement may impact any future lawsuits against my employer.

10. At the conclusion of the meeting, the Area Director and General Manager asked if everyone had signed the Agreement. Although, they did not say we were required to sign the Agreement, but made it appear to be a necessity. This resulted in my decision to sign the Agreement.

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

12/12/17
Date

_Jennifer Temple_
Signature

# Mutual Dispute Resolution Agreement

## I. Introduction

Chesapeake Bay Seafood House Associates, LLC ("Company") believes that most work-related concerns can be addressed with the employees' manager or Human Resources. Thus, employees are encouraged, but not required, to speak with their manager or Human Resources to resolve any work-related problem before initiating the procedures set forth in this Mutual Dispute Resolution Agreement ("Agreement"). Where resolution cannot be achieved through the Company's internal resources, the undersigned employee (together with the undersigned employee's heirs, administrators, executors, successors, and assigns, "Employee") and the Company agree to use the arbitration procedures in this Agreement exclusively instead of a trial in court before a judge or jury, unless Employee timely opts out of this Agreement as provided below. Arbitration is the process by which a neutral third party makes a binding decision relating to a dispute. Employees who do not wish to be bound by the agreement may opt out of it within 30 calendar days pursuant to Section VII below.

## II. Covered Claims

Other than as provided in this Agreement, Employee and the Company agree to resolve through final and binding arbitration any and all claims, disputes, or controversies which otherwise could be raised in court, whether legal or equitable, relating to Employee's association or employment with the Company ("claims"), that Employee or the Company may have against each other, including but not limited to claims the Company may have against Employee and those Employee may have against the Company, its current or former parent(s), affiliates, subsidiaries, divisions, successors, assigns, and/or its or their current or former agents, officers, directors, and/or employees arising out of or related to the employment relationship. However, if an arbitration award would be rendered ineffectual without provisional relief, either party may request such relief from a court of competent jurisdiction to preserve the status quo pending arbitration.

Covered claims include, but are not limited to, claims for wages and other compensation, breach of contract, misappropriation of trade secrets or unfair competition, violation of public policy, wrongful termination; tort claims; claims for unlawful retaliation, discrimination and/or harassment; and claims for violation of any federal, state, or other government law, statute, regulation, or ordinance, such as, for example, claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; Section 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act of 1963; the Pregnancy Discrimination Act; and the Worker Adjustment and Retraining Notification Act.

Claims expressly not covered by this Agreement are: claims for workers' compensation or unemployment benefits; petitions or charges that could be brought before the National Labor Relations Board or claims under a collective bargaining agreement; claims under employee pension, welfare benefit or stock option plans if those plans provide a dispute resolution procedure; claims which are not subject to mandatory binding pre-dispute arbitration pursuant to federal law. Also not covered by this Agreement is any multi-plaintiff, class, collective or representative action filed in state or federal court prior to the date Employee received this Agreement where Employee is a current or putative member of such pending multi-plaintiff, class, collective or representative action. This Agreement does apply, however, to any lawsuits that are filed after the date Employee received this Agreement and any existing lawsuit that is amended after the date Employee received this Agreement that, through such amendment, would include Employee within its scope, including any amended multi-plaintiff, class, collective, or representative actions. Moreover, nothing in this Agreement precludes Employee from filing a charge with the Equal Employment Opportunity Commission, the Securities and Exchange Commission, the National Labor Relations Board, or similar state or local agency.

## III. Waiver of Multi-Plaintiff, Class, Collective and Representative Actions

Except where prohibited by federal law, covered claims must be brought on an individual basis only. No arbitrator has authority to resolve multi-plaintiff, class, collective or representative action claims under this Agreement. Any disputes concerning the validity of this multi-plaintiff, class, collective and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator. In the event a court determines that this waiver is unenforceable with respect to any claim or portion of a claim, this waiver shall not apply to that claim or portion of the claim, which may then only proceed in court as the exclusive forum.

## IV. Authority to Determine Arbitrability

Except as provided in Section III, the arbitrator shall have the exclusive authority to resolve any dispute relating to the enforceability or formation of this Agreement (including all defenses to contract enforcement such as, for example, waiver and unconscionability) or the arbitrability of any claim. Enforcement of this Agreement may not be precluded or delayed on the grounds that (1) a party to this Agreement also is a party to a pending court action or special proceeding with a third party arising out of the same transaction or series of related transactions, or (2) a party to this Agreement asserts arbitrable and non-arbitrable claims.

PLAINTIFF'S EXHIBIT 1

V.   Procedures

The demand for arbitration must be in writing and made within the time period required under the applicable statute of limitations. To initiate arbitration, Employee must deliver the written demand to the Company at 1960 Gallows Road, Suite 200, Vienna, VA 22182, Attn: Connie Ohm. For the Company to initiate arbitration, it must deliver the written demand for arbitration to Employee at the last known address recorded in Employee's personnel records. The Company shall pay all arbitration fees and costs that would not be incurred in a court proceeding. The parties each shall have a right to counsel of their own choice and shall each bear their own attorneys' fees and costs (if any), except that the arbitrator shall have the authority to award the parties his, her, or its attorneys' fees and costs where required or permitted by law.

The arbitration shall be before a single neutral arbitrator and administered by the American Arbitration Association ("AAA") in an AAA office closest to where Employee works or last worked for the Company unless the parties agree otherwise. The AAA Employment Arbitration Rules & Mediation Procedures ("AAA Rules") shall govern the arbitration proceedings, but to the extent they conflict with this Agreement, the provisions of this Agreement shall apply. Employee may obtain a copy of the AAA Rules before signing this Agreement at www.adr.org, by calling AAA at (800) 778-7879, or by contacting the Company's Human Resources department at 703-663-6310. Each party shall have the right to conduct discovery adequate to fully and fairly present the claims and defenses consistent with the streamlined nature of arbitration.

The arbitrator shall apply the substantive law relating to all claims and defenses to be arbitrated, including the award of any remedy or relief on an individual basis, the same as if the matter had been heard in court. The arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Any authorized decision or award of the arbitrator shall be final and binding on the parties. Any court of competent jurisdiction may enter judgment upon the award, either by (i) confirming the award or (ii) vacating, modifying, or correcting the award on any ground permitted by applicable law.

VI.   Governing Law, Severability, Final Agreement

The Federal Arbitration Act (9 U.S.C. Sections 1, *et seq.*) shall govern this agreement. If any provision of this Agreement, or portion thereof, is held to be invalid, void, or unenforceable, it shall be interpreted in a manner or modified to make it enforceable. If that is not possible, it shall be severed and the remaining provisions of this Agreement shall remain in full force and effect.

This Agreement sets forth the final agreement of the parties and supersedes all prior negotiations, representations or agreements, whether written or oral, pertaining to arbitration of claims. By issuance of this Agreement, the Company agrees to be bound without signing it.

VII.   Opt Out

Employee may opt out of the Agreement by mailing via U.S. Mail, Return Receipt Requested, written notice of the intention to opt out within 30 calendar days of signing this Agreement to: 1960 Gallows Road, Suite 200, Vienna, VA 22182, Attn: Connie Ohm. If the Company does not receive the written notice of opt out within the 30 calendar-day period, the Parties shall be bound by this Agreement. Whether to opt out of the Agreement is an important decision, which Employee should review with an attorney of his or her choice and at his or her expense. Employee will not be subject to retaliation for exercising the right to assert claims or opt out of this Agreement. If Employee submits a timely, written notice to opt out to the Company as specified in this section, neither Employee nor the Company will be bound by the Agreement with respect to Employee. If Employee does not timely send a written opt out notice to the Company as instructed in this Section, Employee and the Company will be bound by this Agreement.

BY SIGNING BELOW, EMPLOYEE AFFIRMS THAT HE/SHE KNOWINGLY AND FREELY ENTERED INTO THIS AGREEMENT, HAS HAD SUFFICIENT TIME TO READ AND UNDERSTAND ITS TERMS, AND UNDERSTANDS THAT BY USING ARBITRATION TO RESOLVE DISPUTES, THE PARTIES ARE GIVING UP ANY RIGHT TO A JUDGE OR JURY TRIAL WITH REGARD TO ALL CLAIMS SUBJECT TO THIS AGREEMENT.

_____   _____
Employee Printed Name                              Date

_____   _____
Employee Signature                                       Date

4812-5010-3919 v. 1